IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. _____

AMPCO SYSTEM PARKING,

    Plaintiff,

v.

JOHN D. CONWAY,

    Defendant.

_____

## COMPLAINT
_____

Plaintiff, Ampco System Parking ("Ampco"), by its attorneys, Jackson Lewis LLP, files this Complaint against Defendant, John Conway ("Conway"), and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. This is an action asserting various common law claims, including breach of contract, interference with business relations, unfair competition and conversion.

2. Plaintiff Ampco is a California corporation that maintains its principal place of business in California.

3. Defendant Conway is a citizen of the State of Colorado residing at 6620 West Alamo Drive, Littleton, Colorado and is currently employed by Standard Parking in Denver, Colorado.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332(a)(1) by virtue of diversity of citizenship of the parties and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. 1391 because Defendant resides in Colorado and a substantial part of the events or omissions giving rise to the claims occurred in Colorado.

**FACTS**

6. Ampco operates parking facilities nationwide, including Denver, Colorado.

7. From April 21, 2003, through March 19, 2008, Ampco employed Conway as a Branch Manager in Denver, Colorado.

8. As the Branch Manager, Conway supervised employees and managed relations with the Company's customers in Colorado, including Ampco's service contracts.

9. Conway was privy to Ampco's confidential pricing schemes, business structure and marketing information.

10. Conway generally performed his job duties as Branch Manager without supervision.

11. On July 6, 2006, Conway executed an Employment Agreement ("the Agreement") which prevented Conway, for a period of eighteen (18) months, from: (a) using or disclosing the Company's confidential information and trade secrets; (b) soliciting the Company's customers or employees; and (c) competing against the Company within a one hundred (100) mile radius of any Company office or customer work location, any customer account for which Conway had responsibility, or the office/work location of any customer representative with whom Conway worked.

12. Since ceasing employment with Ampco, Conway has commenced employment as the Regional Manager with Ampco's competitor, Standard Parking ("Standard").

13. Conway's territory at Standard includes Colorado, Arizona and Utah.

14. Conway's job duties with Standard are virtually identical to his job duties at Ampco.

15. Since joining Standard, Conway has successfully solicited and continues to solicit Ampco's customers and employees to end their business relationship with Ampco and commence a business relationship with Standard.

16. Conway has refused to return Ampco's property, including a cell phone and the phone number associated with that cell phone, 303-944-3720.

17. Ampco's clients were regularly given Conway's company cell phone number as the primary contact number for Ampco.

18. Before tendering his resignation to Ampco, Conway transferred Ampco's company cell phone and number into his personal name without authorization from Ampco.

## COUNT ONE
### (BREACH OF CONTRACT)

19. Plaintiff reincorporates and realleges paragraphs 1-18 as if set forth fully herein.

20. By his actions, including those described above, Conway has breached the Agreement in that he has or inevitably will use, disclose, disseminate and employ Ampco's trade secrets and confidential information and solicit Ampco's customers.

21. Conway's breaches, as described herein, injure Ampco in that Conway is able to unfairly benefit himself and his new employer, Standard, by using Ampco's trade secrets and confidential information to target Ampco's customers.

22. As a direct and proximate result of Conway's actions, Ampco has suffered and will continue to suffer monetary damages.

## COUNT TWO
### (TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS)

23. Plaintiff reincorporates and realleges paragraphs 1-22 as if set forth fully herein.

24. Ampco has entered into and continues to enter into valid service contracts with its clients.

25. Conway is aware of the terms of the contracts between Ampco and its clients.

26. Despite such knowledge, and without reasonable justification, Conway has interfered and continues to interfere with the contracts between Ampco and its customers by the conduct described above.

27. By virtue of his actions alleged herein, Conway improperly and intentionally interfered in the contractual relations between Ampco and its customers.

28. The interference was wrongful and tortuous.

29. As a direct and proximate result of Conway's actions, Ampco has suffered and will suffer both monetary and irreparable damage.

30. Ampco will suffer substantial, immediate and irreparable harm and damages unless Conway is enjoined from further tortuous conduct.

## COUNT THREE
### (UNFAIR COMPETITION)

31. Plaintiff incorporates and realleges Paragraphs 1-30 as if set forth fully herein.

32. Defendant intentionally sought to unfairly appropriate Ampco's established goodwill and to divert Ampco's customers.

33. Conway's conduct, as alleged herein, was unethical, unscrupulous, unfair and deceptive.

34. Conway's conduct was an unfair method of competition and an unfair or deceptive act or practice.

35. Conway's conduct evidences a reckless indifference to the rights of others and an intentional and wanton violation of the rights of others.

36. As a direct and proximate result of Conway's actions, Ampco has suffered and will continue to suffer monetary damages and irreparable harm.

## COUNT FOUR
### (CONVERSION)

37. Plaintiff incorporates and realleges Paragraphs 1-36 as if set forth fully herein.

38. During the course of Conway's employment with Ampco, Conway used Ampco's cell phone and the phone number associated with that phone.

39. Prior to resigning and without authorization from Ampco, Conway transferred the cell phone and the phone number into his personal name.

40. Conway's actions interfered with Ampco's ownership rights to the cell phone and the phone number associated with that phone.

41. As a direct and proximate cause of Conway's actions, Ampco has suffered and continues to suffer damages.

WHEREFORE, Ampco requests that the Court:

a. Enter a preliminary and permanent injunction prohibiting Conway from violating the Agreement including:

(1) Using or disclosing Ampco's confidential information and trade secrets;

(2) Soliciting Ampco's customers or employees; and

(3) Competing against Ampco within a 100 mile radius of any Ampco office or customer work location, any Ampco customer account for which Conway had responsibility, or the office/work location of any Ampco customer representative with whom Conway worked;

b. Enter an order requiring Plaintiff to return the cell phone and the phone number 303-944-3720 to Defendant;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff punitive damages pursuant to common law;

e. Award Plaintiff costs;

f. Award Plaintiff attorneys' fees;

g. Make such other and further relief, in law and equity, as this Court may deem proper.

Respectfully submitted this 18th day of August, 2008.

  /s/ Conrad S. Kee_____
Conrad S. Kee
Bronwyn H. Pepple
Jackson Lewis LLP
1050 Seventeenth Street, Suite 2450
Denver, Colorado 80265
(303) 892-0404 (telephone)
(303) 892-5575 (facsimile)
keec@jacksonlewis.com
peppleb@jacksonlewis.com
*Attorneys for Plaintiff Ampco System Parking*

Plaintiff Address
Ampco System Parking
801 South Grand Street #775
Los Angeles, CA 90014