IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01757-MSK-KMT

AMPCO SYSTEM PARKING,

       Plaintiff,

v.

JOHN D. CONWAY,

       Defendant.

JOINT MOTION TO CONDUCT LIMITED EXPEDITED DISCOVERY
AND SET A BRIEFING SCHEDULE AND HEARING DATE
FOR PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

    COME NOW Plaintiff Ampco System Parking and Defendant John D. Conway, who respectfully move to (1) conduct limited discovery related to Plaintiff's Motion for Preliminary Injunction and (2) set a briefing schedule and hearing date on the motion for preliminary injunction. The parties have met and conferred pursuant to D.C. Colo. L. Civ. R. 7.1(A) and the below is a result of that meeting.

    1.    A party seeking expedited discovery must establish that good cause exists to depart from usual discovery procedures. *Qwest Communications Intern., Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419 (D. Colo. 2003). Good cause exists where a party seeks preliminary injunction or where a party asserts a cause of action for unfair competition. *Id.*; *see also* Fed. R. Civ. P. 26 Adv. Comm. Notes (1993 amendments to subdivision (d)) (expedited discovery is appropriate in "some cases, such as those involving requests for preliminary injunction or motions challenging personal jurisdiction."). Allowing limited expedited discovery before hearing a motion for preliminary injunction therefore allows the Court to have a more complete record before deciding the issue. *See*, *e.g.*, *Nobel Biocare USA, Inc. v. Lynch*, No. 99 C

5774, 1999 WL 958501, * 4 (N.D. Ill. September 15, 1999) (granting expedited discovery "as it provides a fuller record for the court when deciding whether to issue a preliminary injunction.")

2. The parties have met and conferred and believe that limited discovery on the issues presented in Plaintiff's motion for preliminary injunction are appropriate and necessary.

3. The parties believe that they would benefit from the service of a limited number of interrogatories (12) and a limited number of document requests (12), as well as the opportunity to each conduct 3-5 depositions.

4. The parties respectfully request 60 days in which to conduct this discovery, so that the issues raised in the preliminary injunction motion may be properly addressed.

5. The parties further request the Court enter a briefing schedule, wherein Defendant's response shall be due fifteen days following the close of the limited discovery, and plaintiff's reply due seven days thereafter.

6. The parties seek this relief in order to present the appropriate record to this Court.

## CONCLUSION

WHEREFORE, the parties respectfully request this Court enter an order that states as follows:

1. The parties shall conduct limited discovery related to the Preliminary Injunction of twelve (12) interrogatories and twelve (12) document requests, responses to which shall be due within 15 days.

2. The parties shall have until December 15, 2008 to conduct limited oral discovery related to the Preliminary Injunction motion.

3. The Defendant's response to the Preliminary Injunction motion shall be due on January 2, 2008.

4. The Plaintiff's reply in support of Preliminary Injunction shall be due on January 9, 2008.

5. The Court set the matter for hearing on Plaintiff's Motion for Preliminary Injunction after January 12, 2008.

Dated: October 16, 2008

Respectfully submitted,

AMPCO SYSTEM PARKING


By: /s/ Conrad S. Kee

Conrad S. Kee
Bronwyn H. Pepple
Jackson Lewis LLP
1050 Seventeenth Street 2450
Denver, Colorado 80265
(303) 892-0404 (telephone)
(303) 892-5575 (facsimile)
keec@jacksonlewis.com
peppleb@jacksonlewis.com

Respectfully submitted,

JOHN D. CONWAY


By /s/ Jason P. Stiehl

Michael D. Wexler
Jason P. Stiehl
SEYFARTH SHAW LLP
131 South Dearborn Street, Ste 2400
Chicago, Illinois 60603-5577
Telephone: 312.460.5000
Facsimile: 312.460.7000
E-mail: jstiehl@seyfarth.com

Brett C. Painter
DAVIS, GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, Colorado 80202
Telephone: 303.892.9400
Facsimile: 303.893.1379
E-mail: brett.painter@dgslaw.com