IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 08-cv-01757-MSK-KMT

AMPCO SYSTEM PARKING,

    Plaintiff,

v.

JOHN D. CONWAY,

    Defendant.

---

**ORDER AND
RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

---

This case comes before the court on Joint Motion to Conduct Limited Expedited Discovery And Set a Briefing Schedule and Hearing Date For Plaintiff's Motion for Preliminary Injunction. [Doc. No. 14, filed October 16, 2008]. The parties request this court to set an expedited briefing schedule to facilitate a hearing on Plaintiff's Motion for Preliminary Injunction [Doc. No. 10, filed October 3, 2008]. Resolution of the discovery request has been referred to this court, however the District Court has retained singular jurisdiction over the Motion for Preliminary Injunction. Therefore, as an initial matter, this court will not set a hearing date on the Motion for Preliminary Injunction.

This case involves an alleged breach of a non-compete employment contract. The preliminary injunction sought would restrict the defendant's current employment. A Scheduling

Conference has been set in this matter to occur on December 11, 2008 at 10:15 a.m. The plaintiff has not sought a Temporary Restraining Order pursuant to Fed. R. Civ. P. 65, however given the nature of the case, time is clearly of the essence.

This court has reviewed the parties proposal for expedited discovery to facilitate a meaningful review by the District Court of the issues relevant to the Preliminary Injunction motion prior to engaging in full merits discovery and finds there is good cause to engage in the limited discovery at this early stage of the case and the schedule proposed by the parties appears to be reasonable.

Wherefore, it is **ORDERED**

The Joint Motion to Conduct Limited Expedited Discovery And Set a Briefing Schedule and Hearing Date For Plaintiff's Motion for Preliminary Injunction [Doc. No. 14] is **GRANTED** in part as follows:

1. The parties shall conduct limited discovery related to the plaintiff's Motion for Preliminary Injunction consisting of twelve (12) interrogatories and twelve (12) document requests, which shall be served forthwith;

2. Responses to the written discovery in number (1) above, shall be due on or before 15 days from the date of service;

3. The parties shall have until December 15, 2008 to conduct limited oral discovery related to the Preliminary Injunction motion;

It is further **ORDERED**

4. Discovery on the merits will be stayed until January 12, 2009; and

5. The Scheduling Conference now set for December 11, 2008 at 10:15 a.m is **VACATED** and is re-scheduled for **January 13, 2009 at 10:15 a.m.**

Further the Court **RECOMMENDS** to the District Court:

1. The defendant be allowed until on or before January 2, 2009 to respond to the Motion for Preliminary Injunction [Doc. No. 10];

2. The Plaintiff be allowed until on or before January 9, 2009 to file a reply in support of Preliminary Injunction;

3. The District Court set a hearing on the Motion for Preliminary Injunction convenient to the court's calendar thereafter.

## ADVISEMENT TO THE PARTIES

Within ten days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995). A general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Oklahoma*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (District Court's decision to review a Magistrate Judge's recommendation *de novo* despite the lack of an objection does not preclude application of the "firm waiver rule"); *One Parcel of Real Property*, 73 F.3d at 1059-60 (a party's objections to the Magistrate Judge's report and recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review); *International Surplus Lines Insurance Co. v. Wyoming Coal Refining Systems, Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 24th day of October, 2008.

**BY THE COURT:**

_____
Kathleen M. Tafoya
United States Magistrate Judge